NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CATHY L. GOODMAN and LYLE P. ROBBINS,

Appellants,

v.

MOTION PICTURE INDUSTRY HEALTH PLAN FOR ACTIVE PARTICIPANTS,

Appellee.

No. 20-55937

D.C. No. 2:19-cv-03215-JFW-PJW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John Walter, District Judge, Presiding

Submitted July 29, 2021**
Pasadena, California

Before: M. SMITH, LEE, Circuit Judges, and ROBRENO***, District Judge.

Cathy Goodman and Lyle Robbins ("Goodman") appeal from the district

court's entry of judgment in favor of the Motion Picture Industry Health Plan in this

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

termination of benefits action under the Employee Retirement Income Security Act of 1974. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly held that the abuse of discretion standard of review applies to the plan administrator's decision to terminate Goodman's spousal benefits following her divorce from Robbins. "Where an ERISA Plan grants discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a plan administrator's interpretation of a plan is reviewed for abuse of discretion." *Lehman v. Nelson*, 862 F.3d 1203, 1216 (9th Cir. 2017) (citation omitted). But if a plan administrator "invaded the province of statutory interpretation," then de novo review will apply. *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1108 (9th Cir. 2000) (cleaned up).

Here, the Plan confers full discretion on the plan administrator to interpret the terms of the Plan. Under the terms of the Plan, a divorced spouse "becomes ineligible for benefits at the end of the month in which the date of the final decree of dissolution of marriage or divorce is entered." Goodman, however, argues that the administrator's interpretation of "final decree of dissolution of marriage or divorce" was a legal question tied to the interpretation of the California Family Code. We disagree. The only question was whether the state-court marital dissolution order constituted a disqualifying event under the terms of the Plan. The phrase "final

2

decree of dissolution of marriage or divorce" did not incorporate or rely on any definitions from California state law. No statutory interpretation was necessary, so abuse of discretion review applies.

2. The district court also correctly held that the plan administrator did not abuse its discretion when it interpreted the term "final decree of dissolution of marriage or divorce" to apply to the judgment of dissolution of marriage entered by the Los Angeles County Superior Court in February 2016. In reviewing an administrator's interpretation of plan terms, the court should "ask whether the Board's interpretation is unreasonable, closely reading contested terms and applying contract principles derived from state law, guided by the policies expressed in ERISA and other federal labor laws." *O'Rourke v. N. Cal. Elec. Workers Pension Plan*, 934 F.3d 993, 1000 (9th Cir. 2019) (cleaned up).

With that framework in mind, it was not an abuse of discretion for the administrator to treat the February 2016 judgment as a "final decree of dissolution of marriage." The judgment of dissolution clearly states: "Marital or domestic partnership status is terminated and the parties are restored to the status of single persons." Even accepting Goodman's argument that this judgment was merely interlocutory because it did not resolve the divorce proceedings in their entirety, that does not mean it was unreasonable for the plan administrator to treat the judgment as a "final decree" for purposes of determining benefits eligibility. The judgment

3

unambiguously terminated the *status* of the marriage, which reasonably counts as a "final decree of dissolution of marriage" under the plain meaning of that phrase. It was therefore not an abuse of discretion for the administrator to treat the 2016 judgment as a "final decree of dissolution of marriage" disqualifying Goodman from eligibility for spousal benefits under the Plan.

3. Finally, the district court correctly held that the notice provisions of the Plan complied with the general notice required by the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). A plan must "be written in a manner calculated to be understood by the average plan participant." 29 U.S.C. § 1022(a). Here, the Plan documents stated: "To qualify for COBRA coverage, the Plan Office must be notified within 60 days of the date that the final decree of divorce or dissolution is filed with the court, or the date that coverage would have terminated because of the divorce, whichever is later." An average plan participant would have reasonably understood the phrase "final decree of divorce or dissolution" to cover the February 2016 judgment of dissolution of marital status. Robbins, however, did not notify the plan office of the divorce until December 2017. Because Robbins failed to notify the plan office within 60 days of the filing of the judgment, the Plan was not obligated to send Goodman any additional information about her right to continue coverage. We thus agree with the district court that there was no COBRA violation, and we also reject Goodman's request for statutory penalties.

4

**AFFIRMED.**